FILED

**NOT FOR PUBLICATION**

AUG 26 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ASI LALKY, AKA Abu Al Rub, AKA
Asad Asi,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 09-70777

Agency No. A078-198-214

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2010[**]
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

    Asi Lalky, a native and citizen of Israel, appeals the Board of Immigration

Appeals' ("BIA") denial of his applications for asylum and withholding of

removal.  Lalky contends the BIA erred in finding his asylum application time

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

barred. He argues as well that he is entitled to withholding of removal because there is a "pattern or practice" of persecution of Israeli Arabs in Israel. *See* 8 C.F.R. § 208.16(b)(2)(i). He also claims to have suffered past persecution.

The BIA did not err in finding Lalky's asylum application time barred. Aliens are required to file an asylum application within one year of coming to the United States. 8 U.S.C. § 1158(a)(2)(B). Lalky did not file his application for over nine years, and has failed to demonstrate "changed" or "extraordinary" circumstances that would excuse this lengthy delay. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008).

Substantial evidence supports the BIA's conclusion that there is not a "pattern or practice" of persecution against Israeli Arabs. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). While there may exist widespread discrimination against Israeli Arabs, the record does not compel the conclusion that Israeli Arabs suffer abuses that rise to the level of persecution. *See id.* Finally, we lack jurisdiction to consider Lalky's claim that he suffered past persecution, because he failed to present that claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The petition for review is **DENIED**. The motion to withdraw as counsel is **DENIED** as moot.

2